UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Nos.: 3:13-CR-142-TAV-CCS |
| | ) | 3:15-CV-369-TAV |
| TOMMY LEE WAUGH, | ) | |
| Defendant. | ) | |

# **MEMORANDUM OPINION AND ORDER**

This criminal case is before the Court on the defendant's *pro se* Motion for Copy of Docket Sheet [Doc. 49]. The defendant requests that he be provided a copy of the docket sheet in this matter without cost. The defendant submits that he requested such a copy from the Clerk of Court for the Eastern District of Tennessee, but was informed that a copy of the twenty-seven-page docket sheet would carry a $13.50 fee. The defendant further submits that he is incarcerated and indigent, needs his docket sheet to track the progress of his case and the Court's rulings, and seeks to avoid filing frivolous motions or appeals. The defendant alternatively requests the most recent five pages of his docket sheet, pertaining to his motion under 28 U.S.C. § 2255, without cost.

Although the defendant has previously been deemed indigent for the purpose of appointing defense counsel [Doc. 15], "the [d]efendant's prior indigent status does not entitle him to free copies of the record," *United States v. Hayworth*, No. 3:14-cr-17, 2016 WL 8928571, at *1 (E.D. Tenn. Apr. 13, 2016). Indeed, "[t]he statutory right to proceed *in forma pauperis* [under 28 U.S.C. § 1915(a)] does not include the right to obtain copies

of court orders without payment therefor." *Douglas v. Green*, 327 F.2d 661, 662 (6th Cir. 1964) (per curiam); *accord Hurst v. Warden*, No. 2:09–cv–1042, 2010 WL 1687675, at *1 (S.D. Ohio Apr. 22, 2010) ("Courts have consistently found that authorization to proceed *in forma pauperis* does not confer a right to free photocopies."); *cf. Fazzini v. Gluch*, 875 F.2d 863, at *2 (6th Cir. 1989) (table opinion) ("The right of access to the courts does not require that prison officials provide free, unlimited access to photocopying machines."). The Court also notes that the fee implicated here—$13.50—is relatively small, and other than a bare assertion of his indigency, the defendant has not explained why he is unable to collect the funds necessary to pay this fee.

For the reasons stated above, the Court hereby **DENIES** the defendant's *pro se* Motion for Copy of Docket Sheet [Doc. 49]. The Clerk of Court is **DIRECTED** to mail to the defendant at the address listed on his motion copies of both this Order and a request form for the materials he seeks.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE