UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Nos. 3:13-CR-142-TAV-CCS |
| v. | ) | 3:15-CV-369-TAV |
| | ) | |
| TOMMY WAUGH, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case is before the Court on the Defendant Tommy Waugh's *pro se* Motion to Obtain Transcripts [Doc. 36], filed on June 22, 2015, and referred [Doc. 37] to the undersigned on June 29, 2015. The Defendant asks to obtain a transcript of his May 19, 2014 sentencing hearing and a docket sheet. He asks to proceed without payment because he is indigent.

By way of background, the Court observes that at Defendant Waugh's initial appearance on an Information, the Court found Defendant Waugh to qualify for appointed counsel and appointed [Doc. 15] Assistant Federal Defender Bobby E. Hutson, Jr. That same day, Defendant Waugh entered a guilty plea to production of child pornography and committing a SORNA violation. Chief United States District Judge Thomas A. Varlan subsequently sentenced him to 408 months and 120 months of imprisonment, respectively, on these counts, to be served consecutively for a total sentence of 528 months. The Court entered a Judgment [Doc. 33] of conviction on May 30, 2014. Defendant did not pursue a direct appeal.

On August 20, 2015, the Defendant filed a motion [Doc. 39] to vacate his conviction or sentence pursuant to 28 U.S.C. § 2255. In this motion, Defendant alleges that he

1

received the ineffective assistance of counsel, asserting three grounds, two of which relate to his sentence. The Government responded [Doc. 41] in opposition on September 29, 2015. On January 9, 2017, the Defendant filed a reply [Doc. 42], which raises a new additional ground for his alleged ineffective representation.

The undersigned finds the Defendant's request for a copy of his sentencing hearing transcript and docket sheet, filed prior to his § 2255 motion, to be moot. The Defendant has now filed his § 2255 motion and a reply. A forty-one-page transcript [Doc. 34] of the May 19, 2014 sentencing hearing is filed in the record. However, Congress has limited the provision of free transcripts to defendants proceeding under § 2255:

> Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal. . . . .

28 U.S.C. § 753(f); see also United States v. MacCollom, 426 U.S. 317, 325-26 (1976) (holding statutory requirement that indigent defendant not receive a free trial transcript unless he can show that his § 2255 motion is not frivolous and that the transcript is necessary to decide the issue presented does not violate the Fifth Amendment). In the instant case, the Court finds the Defendant has not shown a need for the sentencing hearing transcript.

The Court also finds that the Defendant has not shown that he is unable to pay for the requested transcript and docket sheet. Although the Court previously found the Defendant to be indigent for the purpose of appointing defense counsel, his "prior indigent status does not entitle him to free copies of the record," *United States v. Hayworth*, No. 3:14-cr-17, 2016 WL 8928571, at *1 (E.D. Tenn. Apr. 13, 2016). Moreover, even "[t]he statutory right to proceed in forma

pauperis [under 28 U.S.C. § 1915(a)] does not include the right to obtain copies of court orders without payment therefor." *Douglas v. Green*, 327 F.2d 661, 662 (6th Cir. 1964) (per curiam). The District Judge has already found that the Defendant has failed to prove his need to obtain a free copy of the docket sheet. By letter [Doc. 48] on September 18, 2017, and again by motion [Doc. 49], the Defendant requested copies of his docket sheet in order to track the progress of his case and summarily stated that he cannot pay the $13.50 fee for a copy of the twenty-seven-page docket sheet because he is indigent. On October 11, 2017, the District Judge denied [Doc. 50] the Defendant's motion for a free copy of his docket sheet because Defendant had failed to show that he could not pay the $13.50 fee. The undersigned finds the instant summary request similarly lacking.

In summary, the Defendant Tommy Waugh's *pro se* Motion to Obtain Transcripts [**Doc. 36**] is **DENIED**, because he has shown neither the need for the sentencing hearing transcript or that he cannot pay for the sentencing hearing transcript or the docket sheet. The Clerk of Court is **DIRECTED** to mail a copy of this Memorandum and Order to the Defendant at the address listed on his most recent motion [Doc. 49].

**IT IS SO ORDERED.**

ENTER:

     s/ C. Clifford Shirley, Jr.  
United States Magistrate Judge