UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| TOMMY LEE WAUGH, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos.: 3:13-cr-142-TAV-DCP |
| | ) | 3:15-cv-369-TAV |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Petitioner Tommy Lee Waugh filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 on August 20, 2015 [Doc. 39]. In this motion, Petitioner alleges that he received ineffective assistance of counsel, asserting three grounds, two of which relate to his sentence. The government responded in opposition on September 29, 2015 [Doc. 41], maintaining that Petitioner's motion is untimely. During the pendency of the § 2255 motion, Petitioner filed a document titled, "On Petition to Dismiss Previously Filed Writ of Habeas Corpus (28 USC § 2255) Without Prejudice and Amend Motion…Under 28 USC § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" on January 9, 2017 [Doc. 42], as well as an Amended § 2255 Motion [Doc. 43] (collectively referred to as "Amendment"), raising an additional ground for his alleged ineffective representation.[1] No further response from the government was submitted.

---

[1] Although Petitioner partially titles his second filing as a "Petition to Dismiss Previously Filed Writ of Habeas Corpus" [Doc. 42], the Court will liberally construe the pleadings and analyze Petitioner's second and third filings [Docs. 42, 43], as attempting to raise a new claim in addition to those contained in the original § 2255 motion [Doc. 39].

For the following reasons, Petitioner's § 2255 Motion [Doc. 39] and Amendment [Docs. 42, 43], will be **DENIED** and **DISMISSED WITH PREJUDICE**.

I.  BACKGROUND

By way of background, the Court observes that Petitioner was charged in an Information with production of child pornography in violation of 18 U.S.C. § 2251(b) and with violating the Sex Offender Registration and Notification Act (SORNA), 18 U.S.C. § 2260A [Doc. 3]. Petitioner pled guilty to both counts on November 21, 2013, pursuant to a Rule 11(c)(a)(C) plea agreement [Doc. 13]. In the plea agreement, Petitioner and the government agreed that Petitioner would receive a total sentence of 480 months' imprisonment [Doc. 17 p. 5]. The Court accepted the Petitioner's guilty plea, but deferred acceptance of the plea agreement until a presentence report was prepared [Doc. 13]. The sentencing began on May 2, 2014, at which time, the Court declined to accept the plea agreement [Doc. 29]. The parties then negotiated an amendment to the plea agreement, providing for a total sentence of 528 months' imprisonment [Doc. 30], which the Court accepted [Doc. 34]. The Court entered a Judgment on May 30, 2014 [Doc. 33]. Petitioner's plea agreement, as amended, contained a waiver of direct appeal and collateral attack of his conviction(s) and/or resulting sentence [Doc. 17 p. 8].

Petitioner did not pursue a direct appeal, but on August 20, 2015, Petitioner filed the present motion pursuant to 28 U.S.C. § 2255 [Doc. 39]. On January 9, 2017, Petitioner filed an Amendment [Docs. 42, 43], raising an additional ground for his alleged ineffective representation.

## II.     STANDARD OF REVIEW

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, to obtain relief, a petitioner must establish (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceedings invalid. *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003). He "must clear a significantly higher hurdle than would exist on direct appeal" and demonstrate a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998) (internal citations omitted).

Moreover, a petitioner alleging ineffective assistance of counsel must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1987). *See also Huff v. United States,* 734 F.3d 600, 606 (6th Cir. 2013). First, he must identify specific acts or omissions to prove that counsel's performance was deficient and that counsel did not provide "reasonably effective assistance," *Strickland*, 466 U.S. at 687, as measured by "prevailing professional norms." *Rompilla v. Beard*, 545 U.S. 374, 380 (2005). Counsel is presumed to have provided effective assistance, and petitioner bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616–17 (6th Cir. 2003); *see also Strickland*, 466 U.S. at 689 (a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance").

Second, a petitioner must also establish "a reasonable probability that, but for [counsel's acts or omissions], the result of the proceedings would have been different."

*Strickland*, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691; *see also Smith v. Robbins*, 528 U.S. 259, 285–86 (2000). Because a petitioner "must satisfy *both* prongs of *Strickland* to obtain relief on an ineffectiveness claim, the inability to prove either one of the prongs – regardless of which one – relieves the reviewing court of any duty to consider the other." *Nichols v. United States*, 563 F.3d 240, 249 (6th Cir. 2009) (en banc) (emphasis in original); *accord Strickland*, 466 U.S. at 697.

### III.  ANALYSIS

Petitioner presents three ineffective-assistance-of-counsel claims in his initial § 2255 motion: (1) counsel should have requested an expert witness to assess whether "it was Petitioners [sic] hand in the picture;" (2) counsel should have challenged the 528-month sentence; and (3) counsel should have objected to unspecified "many things" in the presentence report [Doc. 39 pp. 4–6]. In Petitioner's reply, which attempts to amend his § 2255 motion, he adds an additional claim of ineffective assistance of counsel, alleging that counsel was deficient for failing to file a direct appeal [Doc. 43 p. 4].

The Court has duly considered these filings and will now address the § 2255 motion, as amended, considering each ground for relief in turn.

#### A.  Timeliness of Petition

A one-year statute of limitations is applicable to collateral challenges under § 2255. The one-year period runs from the latest of: (1) "the date on which the judgment of conviction becomes final;" (2) "the date on which the impediment to making a motion created by Governmental action in violation of the Constitution or laws of the United States is removed,

if the movant was prevented from making a motion by such Governmental action;" (3) "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;" or (4) "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f).

In the present case, as Petitioner did not file an appeal of the Court's judgment against him, his conviction became final when he failed to do so within fourteen days of the Court's entry of judgment. *Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004) (explaining that an unappealed judgment of conviction becomes final when the fourteen-day period for filing a direct appeal has elapsed). Therefore, Petitioner's judgment became final on June 13, 2014. Accordingly, the § 2255 limitation period in this case ended on June 13, 2015. Petitioner filed his § 2255 Motion more than two months later, on August 20, 2015.[2] Petitioner has failed to establish or even assert that subsections (f)(2) through (f)(4) apply to his case. Specifically, he has not established that any illegal action by the Government prevented him from making the timely petition, that there was any newly recognized right made retroactive to his case, or the existence of facts affecting his case that could not have previously been discovered through the exercise of due diligence. The timeliness of

---

[2] Giving Petitioner the benefit of the doubt and finding that he submitted the § 2255 motion to prison officials on the date he signed and dated it, under the "prison mailbox rule" the § 2255 motion was not filed until August 14, 2015 [Doc. 39 p. 12]. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (noting that the signing date on a pro se prisoner's pleading will be deemed to be the filing date, unless there is evidence to the contrary); Rule 3(d), Rules Governing Section 2255 Proceedings. That is still over a month late. Thus, even under this earlier date, Petitioner's § 2255 motion cannot be considered timely unless equitable tolling applies.

Petitioner's original motion thus hinges on its compliance with § 2255(f)(1). Under subsection (f)(1), Petitioner's one-year period for requesting relief clearly expired prior to the filing of the motion.

Section 2255(f)'s statute of limitations is not jurisdictional and may be tolled under limited, extraordinary circumstances. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). Equitable tolling is a remedy used sparingly, and a Petitioner bears the burden of establishing that he is entitled to it. *See Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). To obtain this form of relief, a Petitioner must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010); *Hail v. Warden*, 662 F.3d 745, 750 (6th Cir. 2011); *see also Jurado*, 337 F.3d at 643 ("Absent compelling equitable considerations, a court should not extend limitations by even a single day"). Review of the § 2255 motion leads the Court to conclude that Petitioner has failed to identify any extraordinary circumstance capable of explaining his failure to comply with the window for requesting timely collateral relief under § 2255(f). Accordingly, Petitioner's § 2255 motion is time-barred.

**B.    Timeliness of Amendment**

Similarly, Petitioner's Amendment is also time-barred. Petitioner filed the Amendment on January 9, 2017,[3] well over a year after the filing of his original § 2255 motion. When an amendment is untimely, the Court looks to the Federal Rules of Civil Procedure 15(c)

---

[3] Under the prison mailbox rule, Petitioner signed the Amendment on January 4, 2017, but this earlier date does not change the Court's analysis [Docs. 42, 43].

to determine whether the proposed claim "relate[s] back" to a timely, original pleading and is thus saved from being time barred by expiration of the statute of limitations. *Mayle v. Felix*, 545 U.S. 644, 656–57 (2005). The amended claim relates back if it arises out of "the [same] conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). The Supreme Court has rejected a broad reading of "conduct, transaction, or occurrence" in the context of post-conviction relief and explained an amended petition will not relate back "when it asserts a new ground for relief supported by facts that differ in both time and type from those [set forth in] the original pleading." *Felix*, 545 U.S. at 650. It is insufficient—and a claim is time-barred—if the new claim merely arises from the same trial, conviction, or sentence. *Id.* at 662.

In Petitioner's original § 2255 motion, he alleged three claims of ineffective assistance of counsel [Doc. 39 pp. 4–6]. In his Amendment, Petitioner attempts to add a fourth claim alleging his counsel was ineffective for not filing a direct appeal [Doc. 42 pp. 5 and 7]. Specifically, Petitioner alleges that "the district judge advised (waugh) [sic] that he had 14 days to file notice of appeal. The pet. instructed defense counsel (Hutson) to file notice of appeal exiting the District Court" [*Id.* at 7]. With this statement, Petitioner clearly acknowledges that he was aware of the time frame in which a notice of appeal had to be filed. He then filed his initial § 2255 motion over a year later, and in that motion, he affirmed that no appeal from the judgment of conviction was filed without mention of having instructed his counsel to do so [Doc. 39 p. 1 at ¶ 8].

Here, Petitioner's Amendment must be denied where the one-year statute of limitations has clearly expired and the proposed amendment does not relate back to a timely-filed claim.

As discussed above, Petitioner's original § 2255 motion was not timely. And even if Petitioner's original were considered timely, the Amendment would still not relate back, given that it attempts to add a completely new claim after the statute of limitations has expired. The issue of whether counsel was ineffective for failing to file a notice of appeal is unrelated to the issues of whether counsel should have requested an expert, challenged the sentence, or made objections to the presentence report. Petitioner acknowledged when he filed the § 2255 motion that no direct appeal was filed, and he raised no issue concerning ineffective assistance of counsel on that basis. This fact alone contradicts Petitioner's claim for tolling.

In the Amendment, Petitioner state that he files "the petition to toll notice of appeal because defense counsel's waiver of filing notice of appeal constituted inadequate representation of counsel" [Doc. 42 p. 5]. As discussed above, although the limitation period of § 2255 is subject to tolling, federal courts grant such relief sparingly. *Griffin v. Rogers*, 399 F.3d 626, 635 (6th Cir. 2005). To be entitled to equitable tolling, a habeas petitioner must show a diligent pursuit of his rights and some extraordinary circumstance that prevented timely filing. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). When determining whether equitable tolling is appropriate, the Sixth Circuit applies a five-factor balancing test, weighing:

> (1) the petitioner's lack of [actual] notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) the petitioner's diligence in pursuing his rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Solomon v. United States,* 467 F.3d 928, 933 (6th Cir. 2006) (quoting *Dunlap v. United States,* 250 F.3d 1001, 1008 (6th Cir. 2001) (alteration in original) (adopting factors set forth in

*Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir. 1988))). "The *Andrews* factors are not necessarily comprehensive or always relevant; ultimately every court must consider an equitable tolling claim on a case-by-case basis." *King v. Bell,* 378 F.3d 550, 553 (6th Cir. 2004) (citation omitted). Ignorance of the law, even by an incarcerated pro se petitioner, is not grounds to toll the statute. *Johnson v. United States,* 544 U.S. 295, 311 (2005); *Solomon,* 467 F.3d at 933.

In this case, Petitioner fails to satisfy the *Andrews* test. Specifically, he admits that the Court advised him at his sentencing of the filing requirement [Doc. 42 p. 5]. Further, Petitioner admits in his original § 2255 motion that he was aware that no direct appeal was filed and asserted no claim of ineffective assistance of counsel on that basis [Doc. 39 p. 1]. Petitioner provides no explanation for not having taken prompt action as soon as he realized no direct appeal had been filed. A petitioner can establish due diligence by showing that he took "prompt action … as soon as he [was] in a position to realize that he [had] an interest in challenging' his conviction. *Johnson*, 544 U.S. at 308. Petitioner knew from the day of his sentencing of the legal requirement to file an appeal, and failed to pursue the issue for over two and one-half years. Accordingly, the Court finds that the *Andrews* test weighs against any claim of equitable tolling.

### C. Ineffective Assistance of Counsel Claims Lack Merit

Finally, the Court notes that even if Petitioner's § 2255 motion was not time-barred, it would be dismissed because Petitioner's ineffective-assistance-of-counsel claims lack merit. To succeed on an ineffective-assistance-of-counsel claim, the petitioner "must show both deficient performance and prejudice." *Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009). An attorney's performance is deficient if "counsel's representation fell below an objective

standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). An attorney's deficient performance is prejudicial if "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687.

The *Strickland* framework applies to claims of ineffective assistance of counsel arising from a guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985); *Carter v. Collins*, 918 F.2d 1198, 1200 (5th Cir. 1990). The first element of the test remains the same. *Id.* However, the prejudice requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill*, 474 U.S. at 59. "In other words, . . . the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*; *Carter*, 918 F.2d at 1200; *see also Smith v. United States*, 348 F.3d 545, 551–52 (6th Cir. 2003). In judging an attorney's conduct, a court should view counsel's performance with great deference, engaging in a strong presumption that counsel rendered adequate assistance and "made all significant decisions in the exercise of reasonable professional judgment." *Strickland,* 466 U.S. at 689–90. Counsel is constitutionally ineffective only if a performance which fell below professional standards caused the defendant to lose what he "otherwise would probably have won." *United States v. Morrow,* 977 F.2d 222, 229 (6th Cir. 1992). A petitioner alleging ineffective assistance of counsel bears a heavy burden of proof. *See Pough v. United States,* 442 F.3d 959, 966 (6th Cir. 2006).

As an initial matter, the Court notes that Petitioner's plea agreement contains a waiver of the right to file a § 2255 motion or to collaterally attack his convictions or resulting sentence [Doc. 17 p. 8]. The plea agreement further provides that the waiver has no impact upon the

Petitioner's right to appeal or collaterally attack the conviction and sentence upon grounds of ineffective assistance of counsel unknown to the petitioner at the time of entry of judgment [*Id.* at 8].  Such language notwithstanding, Petitioner alleges three claims of ineffective assistance in his original § 2255 motion, including counsel's alleged failure to: (1) request an expert witness to assess whether "it was Petitioners [sic] hand in the picture;" (2) challenge the 528-month sentence; and (3) object to unspecified "many things" in the presentence report [Doc. 39 pp. 4–6].  In the Amendment, Petitioner adds a new, additional claim of ineffective assistance of counsel, which alleges that counsel failed to file a direct appeal [Doc. 43 p. 4].  In response to the original three claims, the government argues that Petitioner's allegations of ineffective assistance of counsel do not contain adequate facts that would entitle him to relief [Doc. 41 p. 5].  The Court agrees.

A petitioner must set forth the facts which support each ground for relief, including claims of ineffective assistance of counsel.  *See* Rule 2(b)(2), Rules Governing Section 2255 Proceedings. Without some factual details to flesh out his claims of ineffective assistance, the allegations are vague and conclusory and do not entitle Petitioner to relief.  *Post v. Bradshaw,* 621 F.3d 406, 419 (6th Cir. 2010) (absent articulation of factual contentions to support ineffective assistance claim, petitioner has no entitlement to relief); *United States, v. Fisher,* 38 F.3d 1144, 1147–48 (10th Cir. 1994) (rejecting claims of ineffective assistance of counsel and declining "to fashion [petitioner's] arguments for him where his allegations are merely conclusory in nature and without supporting factual averments"); *Brooks v. United States,* 862 F.2d 316 (Table), 1988 WL 121255, at *1 (6th Cir. Nov. 15, 1988) (§ 2255 arguments

concerning, inter alia, claims of ineffective assistance, which lacked factual elaboration were properly dismissed).

Here, Petitioner claims fault for counsel not having requested an expert witness, but fails to introduce affidavits or any other evidence establishing what an expert witness would have said to show prejudice in the outcome of the plea process. Similarly, Petitioner fails to identify with any specificity the "many things" he alleges were incorrect in his presentence report [Doc. 39 p. 6]. Absent factual details, Petitioner's allegations are merely vague and conclusory and therefore insufficient to support a claim of ineffective assistance of counsel.

Further, Petitioner's assertion of counsel's failure to challenge the 528-month sentence lacks merit. As noted by the government, the Court rejected the initial plea agreement providing for 480 months' imprisonment [Doc. 17, 29], but later accepted the renegotiated 528-month sentence [Docs. 33, 34]. The renegotiated plea agreement—like the initial plea agreement—was voluntarily entered into by Petitioner, and all matters of which Petitioner now complains were clearly known to him at the time of entry of judgment.

Finally, the Court also finds Petitioner's claim of ineffective assistance of counsel for failure to file a direct appeal to be without merit. As discussed previously, Petitioner admits that the Court advised him at his sentencing of the legal requirement to file an appeal [Doc. 42 p. 5]. Despite his knowledge of this requirement and the fact that no direct appeal was filed [Doc. 39 p. 1], Petitioner asserted no claim of ineffective assistance of counsel on that basis in his original § 2255 motion [Doc. 39]. Petitioner provides no explanation for not having taken prompt action as soon as he realized no direct appeal had been filed, and only attempted to

raise the issue in an untimely Amendment filed almost two and one-half years after the judgment was entered.

Petitioner has shown neither deficient performance on the part of his attorney nor resulting prejudice as required by *Strickland* and *Hill*, and for the reasons set forth above, the Court finds Petitioner's claims of ineffective assistance of counsel to be without merit.

### D. No Evidentiary Hearing is Required

An evidentiary hearing is not necessary in this case because Petitioner's claims either are either conclusory or contradicted by the record, and the record conclusively shows that Petitioner is not entitled to relief under 28 U.S.C. § 2255. *Amr v. United States*, 280 F. App'x 480, 485 (6th Cir. 2008); *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (no hearing is required if the motion's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact") (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)).

## IV. CONCLUSION

The Court finds that Petitioner is not entitled to relief pursuant to 28 U.S.C. § 2255, and his motion to vacate, set aside or correct sentence [Doc. 39] and Amendment [Docs. 42, 43] will be **DENIED** and this action will be **DISMISSED**. To the extent that Petitioner's pro se request of July 31, 2017 [Doc. 45], is a motion to expedite his Section 2255 motion, it is **DENIED as moot**. A hearing is unnecessary in this case. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** petitioner leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24. Petitioner having failed to make a substantial showing of the denial of a

constitutional right, a certificate of appealability **SHALL NOT ISSUE.** 28 U.S.C. § 2253; Fed. R. App. P. 22(b). A Judgment will enter **DENYING** the Motion [Doc. 39] and Amendment [Docs. 42, 43].

**IT IS SO ORDERED**.

s/ Thomas A. **Varlan**
CHIEF UNITED STATES DISTRICT JUDGE